IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| MICHAEL CHRIS WALTERS | : | CASE NO. 08-18120-SSM |
| TRACY FAYE WALTERS, | : | CHAPTER 13 |
|     Debtors | : | |
| | | |
| MICHAEL CHRIS WALTERS | : | Adv. Pro. No. |
| TRACY FAYE WALTERS, | : | |
|     Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| BANK OF AMERICA, N. A., | : | |
| | : | |
| and | : | |
| | : | |
| CHRISTOPHER E. HOBSON, INC., | : | |
| d/b/a FRANKLIN FINANCIAL, | : | |
| | : | |
| and | : | |
| | : | |
| MORTGAGE ELECTRONIC REGISTRATION | : | |
|     SYSTEMS, INC. | : | |
| | : | |
|     Defendants. | : | |

**DEBTORS' COMPLAINT TO DETERMINE VALIDITY,
PRIORITY OR EXTENT OF LIEN AND TO MODIFY SECURED CLAIM**

COME NOW MICHAEL CHRIS WALTERS and TRACY FAYE WALTERS ("Mr. and Mrs. Walters"), Plaintiffs herein, by counsel, and respectfully pray that this Honorable Court determine the validity, extent and priority of the lien of Defendants and modify said lien because it is wholly unsecured, and in support of which state as follows:

Introduction

This is an action brought by the Plaintiffs pursuant to 11 U.S.C. § 506(a) and 11 U.S.C. §

1322(b)(2) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the validity, priority and extent of the interest of BANK OF AMERICA, N.A., CHRISTOPHER E. HOBSON, INC., d/b/a FRANKLIN FINANCIAL, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., in the residential real estate of the debtors and to modify the secured claim thereto.

## Jurisdiction

1. This a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2) in that it concerns determinations of the validity, extent, or priority of liens.

2. Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. § 1334 in that the Plaintiffs filed a Chapter 7 bankruptcy case in this Court on December 29, 2008, and the case was converted to a Chapter 13 case on February 17, 2009.

## Parties

3. Plaintiffs are the debtors in this case.

4. Defendant BANK OF AMERICA, N.A. ("Bank of America") is a corporation authorized to do business in the Commonwealth of Virginia.

5. Defendant CHRISTOPHER E. HOBSON, INC., d/b/a FRANKLIN FINANCIAL ("FRANKLIN FINANCIAL"), is a corporation authorized to do business in the Commonwealth of Virginia, with its principal place of business situated at 26060 Acero Street, Mission Viejo, CA 92691. As will be more fully described below, Debtors executed a second Deed of Trust securing a loan from FRANKLIN FINANCIAL.

6. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a corporation authorized to do business in the Commonwealth of Virginia, which is stated in said Deed of Trust to be the nominee for FRANKLIN FINANCIAL and its successors and assigns.

7. On information and belief, Defendant FRANKLIN FINANCIAL has assigned the note secured by the Second Deed of Trust to BANK OF AMERICA, N.A.

Facts

8. At all times relevant herein, Plaintiff were, and are, the owners of certain real property and improvements thereon known as 24 Rubins Walk, Fredericksburg, VA 22405 ("the real property").

9. On or about April 25, 2005, Plaintiffs executed a Deed of Trust ("the First Deed of Trust"), as borrowers, for the benefit of Home Loan Center, Inc., d/b/a Lendingtree Loans, as lender, securing a loan in the amount of $312,000.

10. On or about August 3, 2006, Plaintiffs executed a Second Deed of Trust, as borrowers, for the benefit of FRANKLIN FINANCIAL, securing a loan in the amount of $66,500.

11. Upon information and belief, the pay-off on the note secured by the First Deed of Trust exceeds the fair market value of the real property, which Debtors estimated was worth $249,000 as of the date of filing.

12. The note secured by the Second Deed of Trust, which is the secured claim which is the subject of this Complaint, is therefore wholly unsecured pursuant to 11 U.S.C. §506(a).

13. Accordingly, the lien does not qualify for the antimodification protection clause of 11 U.S.C. § 1322(b)(2), and may be stripped off.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court grant the following relief:

A. Declare the claim of BANK OF AMERICA, N.A. and/or MERS and/or

FRANKLIN FINANCIAL to the note secured by the above described Second Deed of Trust to be wholly unsecured and its lien subject to strip-off;

B. To declare the above described Second Deed of Trust lien to be null and void;

C. To order BANK OF AMERICA and/or MERS and/or FRANKLIN FINANCIAL to cancel and release the above described Second Deed of Trust lien against the real property, immediately upon the entry of the Discharge Order and deliver the same to the attorney for the debtors within 20 days from the date of the entry of said order at no charge or fees for the aforestated cancellation and delivery;

D. To award Plaintiffs attorney's fees and costs expended in this action;

E. For such order and further relief as is just and proper.

                              Respectfully submitted,

                              MICHAEL CHRIS WALTERS
                              TRACY FAYE WALTERS

          By:    ___/s/__Lois Ilaine Vignes Upton_____

ROBERT A. ADES & ASSOCIATES, P.C.

Lois Ilaine Vignes Upton, VSB # 31153
5419B Backlick Road
Springfield VA 22151
(703) 642-9500

WILL THE CLERK PLEASE ISSUE SUBPOENAS TO:

BANK OF AMERICA, N.A.
Registered Agent: CT Corporation System
4701 Cox Road, Suite 301
Glen Allen VA 23060-6802

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
Registered Agent: Sharon Horstkamp, Esq.
1818 Library Street, Suite 300
Reston VA 20190

CHRISTOPHER E. HOBSON, INC.,
d/b/a FRANKLIN FINANCIAL
Registered Agent: Friemark Law Offices PLLC
12610 Lake Normandy Lane
Fairfax VA 22030-7251